**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
Jordan Belcastro (SBN 339570)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jbelcastro@nicholaslaw.org

Attorneys for Plaintiffs,
VIJAYAN STREEDHARAN and JESUS MADRIZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIJAYAN STREEDHARAN, an individual, on behalf of himself and all others similarly situated; and JESUS MADRIZ, an individual, on behalf of himself and all others similarly situated,<br><br>             Plaintiffs,<br><br>     vs.<br><br>STANLEY INDUSTRIAL & AUTOMOTIVE, LLC (doing business as "MAC TOOLS"), a Delaware corporation,<br><br>             Defendants. | Case No. 5:22-cv-00322-MEMF-KS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1)  FAILURE TO REIMBURSE EXPENSES [CAL. LAB. CODE, § 2802];**<br><br>**(2)  UNLAWFUL DEDUCTIONS FROM WAGES [CAL. LAB. CODE, §§ 221-223];**<br><br>**(3)  FAILURE TO PAY OVERTIME [CAL. LAB. CODE, § 510];**<br><br>**(4)  FAILURE TO PROVIDE MEAL PERIODS [CAL. LAB. CODE, § 226.7];**<br><br>**(5)  FAILURE TO PROVIDE REST BREAKS [CAL. LAB. CODE, § 226.7];** |

FIRST AMENDED CLASS ACTION COMPLAINT

**(6)  FAILURE TO PAY WAGES WHEN DUE [CAL. LAB. CODE, §§ 201-203];**

**(7)  UNFAIR COMPETITION [CAL. BUS. & PROF. CODE, § 17200 *ET SEQ.*];**

**(8)  ENFORCEMENT OF THE PRIVATE ATTORNEYS GENERAL ACT [CAL. LAB. CODE, §§ 2698 *ET SEQ.*]**

**DEMAND FOR JURY TRIAL.**

VIJAYAN STREEDHARAN, on behalf of himself and all others similarly situated ("Mr. Streedharan"), and JESUS MADRIZ, on behalf of himself and all others similarly situated ("Mr. Madriz") (collectively "Plaintiffs"), bring this action against Defendant STANLEY INDUSTRIAL AUTOMOTIVE, LLC, a Delaware corporation ("Mac Tools" or "Defendant"), and DOES 1 through 100, inclusive, and alleges on information and belief as follows:

## **INTRODUCTION**

1.    Mac Tools is a manufacturer and distributor of professional automotive repair tools and related equipment. Its primary customers are mechanical service professionals and the shops where these individuals work.

2.    Under the guise of its Mac Tools Franchise Agreement ("Agreement"), Mac Tools obtains the labor of individuals like Plaintiffs to carry out necessary services within one of its many distribution channels—mobile tool distributorships (i.e., Mac Tools shops built into mobile trucks driven by "Distributors"). These Distributors perform on-site advertising, sales, delivery, and maintenance-related tasks for Mac Tools under its strict supervision and control. These individuals must devote best, full time efforts to servicing their assigned "route" – a list of customer stops in need of Mac Tools products. Despite the integral nature of the work

performed by the Distributors and Mac Tools' vast controls over them, Mac Tools attempts to classify these workers as "independent contractors."

3.     By refusing to recognize Distributors as employees, Mac Tools cheats these individuals out of protections provided by California law such as overtime pay and reimbursement of business expenses. Mac Tools' misclassification of Distributors also robs the State of important employee tax revenue and gives Mac Tools an undue advantage over law-abiding competitors who bear the necessary expenses associated with employing similar workers.

4.     This Class Action seeks recovery for violations of California's Labor Code, Industrial Welfare Commission Wage Orders ("Wage Orders"), and California's Unfair Competition Law on behalf of Plaintiffs and other similarly situated Distributors in California.

## JURISDICTION & VENUE

5.     This Court has subject matter jurisdiction to hear this case because monetary damages and restitution sought herein resulting from Mac Tools' conduct exceeds the jurisdictional minimum of this Superior Court.

6.     Venue is proper pursuant to Code of Civil Procedure, section 395.5, among other sections. The wrongful conduct and liability complained of in this Class Action Complaint arose, at least in part, in this County as some of the transactions that are the subject of this lawsuit occurred here and Defendant has conducted and continues to conduct business in this County.

## PARTIES

7.     Mr. Streedharan is and at all relevant times was a resident of California. He worked as a Franchisee for Mac Tools in California in 2019.

8.     Mr. Madriz is and at all relevant times was a resident of California. He worked as a Franchisee for Mac Tools in California until the middle of 2021.

9.     Defendant Stanley Industrial & Automotive, LLC is a Delaware limited liability company with its principal place of business in Westerville, Ohio. On

information and belief, it is authorized to carry out and does carry out business in this County and is subject to personal jurisdiction in this County. On information and belief, Defendant contracts with misclassified "independent contractor" Distributors who work and reside in this County and are members of the proposed Class (defined below). Defendant also employs "managers" and other employees in this County to oversee the work carried out by Distributors.

10. Stanley Industrial & Automotive, LLC has a "Mac Tools Division" which does business as "Mac Tools." Mac Tools' mission is to deliver innovative solutions to its automotive technician customer base. *See* https://www.mactools.com/pages/about-us.

11. Stanley Industrial & Automotive, LLC is a subsidiary of Stanley Black & Decker Inc., a Connecticut corporation. This is a publicly traded company (NYSE SWK). It "provides the tools and innovative solutions you can trust to get the job done—and [has done so] since 1843." https://www.stanleyblackanddecker.com/who-we-are/about-us. It is the number one worldwide company for tools and storage. Stanley Black & Decker is "the worldwide leader in tools and storage. [It] work[s] every day to create the tools that help [customers] build and maintain the world. Pros, tradespeople and do-it-yourselfers alike rely on [it] every day for the toughest, strongest, most innovative hand tools, power tools, accessories and storage solutions on the market." See https://www.stanleyblackanddecker.com/our-businesses/tools-and-storage. Stanley Black & Decker sells its products under several name brands including Stanley, DeWalt, Black + Decker, Craftsman, and Mac Tools.

12. Stanley Black & Decker has three distinct business segments, one of which is Tools & Storage. This segment accounts for over 70 percent of the company's total revenue (roughly $10.3 billion in revenue per year). Stanley Black & Decker "sells its products to professional end users, distributors, retail consumers and industrial customers in a wide variety of industries and geographies. The majority of sales are distributed through retailers, including home centers, mass merchants,

FIRST AMENDED CLASS ACTION COMPLAINT

hardware stores, and retail lumber yards, as well as third-party distributors and a direct sales force." *See* Stanley Black & Decker, Inc., Form 10-K for fiscal year ended January 2, 2021, available at: https://ir.stanleyblackanddecker.com/static-files/6082f7a0-6298-47f6-9e60-032145c1cf20.

13.    At all times mentioned, Defendants were the agents, alter egos, servants, joint venturers, joint employers, or employees for each other. Defendants acted with the consent of the other Co-Defendants and acted within the course, purpose, and scope of their agency, service, or employment. All conduct was ratified by Defendants, and each of them.

## GENERAL ALLEGATIONS

### A.    Mac Tools' Business Model

14.    Mac Tools manufactures and distributes tools and related products like tool boxes and service equipment ("Products"). It sells Products to mechanics, technicians, and other service professionals as well as businesses providing these services.

15.    One non-exclusive avenue through which Mac Tools distributes its products is through mobile Distributors operating Mac Tool Trucks like Plaintiffs. These Distributors must purchase and operate a mobile vehicle (or mobile store) stocked with Products within a Mac Tools-assigned geographic territory or route. The mobile store may only be used for the operation of the distributorship and may not be altered without Mac Tools' express approval. The mobile store and the Franchisee's uniform—which they pay for—both display the Mac Tools brand and marks.

16.    Mac Tools also sells and distributes its products through non-mobile channels like ecommerce (i.e., online) and commercial sales representatives (that Mac Tools recognizes as employees). These other sales channels provide Products to the same type of clients Distributors service and also sell to vocational schools along with wholesale customers. In short, Distributors carry out one among many sales and distribution avenues within Mac Tools' tool sale and distribution operation.

**B.    Mac Tools Misclassified Distributors**

17.    Mac Tools strictly controls and regulates Distributors. Distributors must follow the terms of Mac Tools' onerous Agreement and Mac Tools' Confidential Field Operations Manual, along with other written instructions from Mac Tools. Under these operating requirements and standards, Distributors must make weekly in-person customer sales calls to Mac Tools' list of customers at their worksites, make customer deliveries, maintain Mac Tools' inventory levels, maintain minimum purchase requirements, provide post-purchase product support and maintenance, meet Mac Tool's collection requirements, and use Mac Tools' required computer programs, among other things. Mac Tools broadly reserves its rights to impose new or modified requirements on Distributors.

18.    Being a Franchisee is a full-time job. Mac Tools requires that Distributors personally[1] work full-time to diligently promote, market, and increase the sale of Products as well as Mac Tools' customer base. This includes Distributors being personally responsible for all sales, collections, inventory management, and other aspects of the distributorship. Distributors cannot outsource these responsibilities without Mac Tools' approval.

19.    Mac Tools controls both the list of customers (sometimes called list of stops) Distributors must service and the customers that may be added to a Distributor's territory. Mac Tools reserves the right to add to or modify this list in its sole discretion. Mac Tools requires Distributors to only sell Products to those on the Distributor's assigned list of stops.

20.    Additionally, subject to very limited exceptions, Distributors may only carry Mac Tools' products. Mac Tools likewise reserves the right to set the price of Products sold to Distributors. Mac Tools also functionally sets the price of Products

---

[1] While some Distributors may incorporate or sign the Agreement as a business entity, these individuals remain personally responsible for carrying out the obligations set forth in the Agreement. In short, no matter how it is styled, the Agreement requires full-time, best efforts from a natural person.

that end-purchasers pay based on Mac Tools online catalogues, flyers, and the Mac Tools website where Products can be purchased directly from Mac Tools. This has the effect of controlling what Distributors can earn from Product sales.

21.     Mac Tools provides mandatory training for Distributors before and after they are hired, including a multi-day classroom-based training course in Ohio, and goes on "ride-alongs" to ensure that Distributors adhere to Mac Tools' required customer service guidelines and other standards. During this training, Mac Tools evaluates and coaches Distributors on sales, collections, product knowledge, product display and vehicle appearance, time management, and their business administration skills, among other things. Mac Tools rates the Distributors in these areas and makes plans for follow-up and improvement. It also reserves the right to amend or modify Franchisee training.

22.     In addition to training, Distributors must attend regular in-person sales meetings or supplemental training hosted by Mac Tools, and Mac Tools reserves the right to charge a tuition or attendance fee for such supplemental training.

23.     Distributors' performance obligations do not end at making sales to Mac Tools' list of customers. Distributors also facilitate delivery of products and process customer returns. Likewise, they carry out and fulfill Mac Tools' warranty and repair obligations on Products sold to customers in their territory. Mac Tools broadly reserves its right to amend or modify its repair and warranty promises to customers that Distributors must carry out. No compensation is paid for these non-sales based services. After allocating for these, among other, non-sales tasks, Distributors spend less than half of their working hours devoted to sales and cannot qualify for any sort of outside sales or other exemption under California law.

24.     Distributors sign contracts with Mac Tools for 10-year renewable terms that purport to classify Distributors as independent contractors. Plaintiffs deny, retract, and void any and all language in any agreement with Mac Tools classifying them as

FIRST AMENDED CLASS ACTION COMPLAINT

independent contractors, forcing them to arbitrate claims, and/or litigate claims outside of California.

25.    Mac Tools broadly reserves the right to terminate Distributors. For example, Mac Tools may terminate a Franchisee for selling to customers that are not on Mac Tools' list of customers, even if the customer is within the Franchisee's territory. Mac Tools can also terminate a Franchisee for failing to transmit business records at least twice a week to Mac Tools using Mac Tools mandated business software. It can also terminate Distributors for becoming disabled and unable to meet performance obligations for a given period of time.

26.    Distributors' work is overseen by a Mac Tools management team that includes a local "District Manager" that each Distributor reports to. Mac Tools' management team closely tracks Distributors' performance through regular reporting and detailed data monitoring.

27.    Mac Tools uses individuals it recognizes as employees to operate some mobile tools stores or "company stores." These individuals perform very similar work as Distributors but enjoy the benefits of being classified as an employee under state and federal law.

### C.    Mac Tools' Illegal Deductions and Failure to Reimburse

28.    Distributors pay for the right to work for Mac Tools. This includes, but is not limited to, paying an non-refundable "initial fee" upon becoming a Franchisee, paying a non-refundable annual fee for each year of the Franchisee's term, paying for the cost of attending training in Ohio, paying to "restock" returned Products that are not purchased and/or are returned by Mac Tools' customers, paying for shipping and handling of Products.

29.    Distributors also shoulder many other unreimbursed business expenses for Mac Tools including but not limited to fuel/mileage, travel and meals, clothing and uniforms, the computer system required to run Mac Tools' mandatory business software, mobile distributorship truck payments, and business, vehicle, and health

insurance. Mac Tools is well aware of these expenses and tracks them through "breakevens" and other forms.

**D.    Mac Tools' Failure to Comply with California Wage and Hour Laws**

30.    As explained further below, as a result of its unlawful misclassification, Mac Tools fails to provide Distributors overtime pay, fails to make meal and rest breaks available to Distributors, and fails to provide Distributors compliant wage statements in violation of California law.

**E.    Tolling**

31.    Mr. Madriz submitted a PAGA notice letter to Mac on April 22, 2022. *See* Labor Code, § 2699.3. This letter sets forth his intent to pursue the additional claims added to this FAC.

32.    PAGA requires that the noticing plaintiff wait 65 days to give the LWDA time to respond before filing suit. *Id.*

33.    In April 2022, Mac moved for judgment on the pleadings and to compel arbitration of Mr. Streedharan's claims (the "Motion"). The parties fully briefed the issues through June 2022. *See* ECF Nos. 14, 21, 22.

34.    In May 2022, the parties stipulated to stay certain aspects of the case as the Court considered the Motion and to set the remaining schedule for the case after the Motion was decided. ECF No. 18. The Court granted the joint stipulation deferring discovery and case scheduling until the Court decided the Motion. ECF No. 23.

35.    The Court denied the Motion on September 28, 2022. ECF No. 32. Thereafter, Mac appealed.

36.    In October, Plaintiff's counsel advised that, in light of the 65-day passage of time and with the ruling on the Motion complete, Plaintiff intended to add another Plaintiff, Mr. Madriz, and a PAGA and wage statement cause of action.

37.    In December 2022, the parties filed a joint motion regarding some procedural issues and what aspects of the case should go forward while Mac's appeal remained pending before the Ninth Circuit. The parties agreed that new Plaintiff, Mr.

Madriz, could be added to an amended complaint bringing in a wage statement and PAGA claim. ECF No. 42. On June 16, 2023, the Court addressed the motion giving Plaintiff until July 20, 2023 to amend the complaint adding Mr. Madriz and these claims. ECF No. 45, 1-2.

38.     This FAC adds Mr. Madriz and the PAGA and wage statement claims that he has been waiting to pursue in this action. Statutory and equitable tolling should apply under these circumstances where Mr. Madriz timely filed his PAGA notice letter putting Mac on notice of his claims and worked diligently to bring those claims into this pending matter as quickly as possible under the circumstances.

## **CLASS ALLEGATIONS**

39.     Pursuant to Cal. Code of Civil Procedure, section 382, Plaintiffs bring this lawsuit as a class action on behalf of themselves and all other similarly situated members of the Class, defined below. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of class actions.

40.     **Class Period.** The Class Period shall be defined as: from four years preceding the date that the first Complaint in this action is filed, until the full resolution of this action, plus any time that may be attributed to equitable or other forms of tolling.

41.     Plaintiffs seek to represent the following Class of persons:

i.      Plaintiffs seek to represent: All individuals during the Class Period who personally operated a Mac Tools mobile tool store as "Distributors," or under any similar title, in California and who were not classified as employees (the "Class").

ii.     This Class does not include Defendant, its officers, and/or its directors; the Judge to whom this case is assigned; or the Judge's immediate family or staff.

FIRST AMENDED CLASS ACTION COMPLAINT

42.     Plaintiffs reserve the right to amend the above Class and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability, among other reasons.

43.     **Numerosity.** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable. While the precise number of the members of the Class has not been determined, Plaintiffs are informed and believe that there are over one hundred individuals meeting the Class definition. Defendant has access to data sufficient to identify the members of the Class, namely their list of Distributors maintained internally and used as part of their franchise filings with various states each year.

44.     **Adequacy of Representation.** The named Plaintiffs are fully prepared to take all necessary steps to fairly and adequately represent the interests of the Class defined above. Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the Class and Plaintiffs. Plaintiffs' attorneys are highly experienced in employment Class action litigation. Plaintiffs intend to prosecute this action vigorously.

45.     **Common Questions of Law and Fact.** There are predominant common questions and answers of law and fact and a community of interest amongst Plaintiffs and the claims of the Class as follows:

      i.    Class:

          a.    Whether Defendant misclassified Distributors as "independent contractors" instead of employees (e.g. whether Mac Tools can meet its burden to meet each Prong of California's ABC test and/or its *Borello* test for employment status);

          b.    Whether Defendant failed to reimburse Distributors for reasonable business expenses;

        c.     Whether Defendant made illegal deductions from Distributors' earnings;

        d.     Whether Defendant properly provided meal and rest breaks to Distributors;

        e.     Whether Defendant paid Distributors all wages when due;

        f.     Whether Defendant failed to properly pay Distributors overtime; and

        g.     Whether Defendants engaged in an unlawful, unfair, and/or fraudulent business practice or act in violation of Business and Professions Code, section 17200 *et seq.* as it relates to Distributors.

46.    **Typicality.** Plaintiffs' claims are typical of the claims of all members of the Class because Defendant applied and continues to apply its illegal classification, pay, and interest practices to all Distributors.

47.    **Superiority of a Class Action.** A Class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendant's conduct described in this Complaint. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judiciary. Plaintiffs are unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a Class action.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Failure to Reimburse Expenses—Lab. Code, § 2802 and Wage Orders**
**By Plaintiffs, Individually, On Behalf of Themselves and the Class**
**Against Mac Tools**

48.    Plaintiffs incorporate by reference every allegation contained above.

49.    Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

50.    As alleged above, Plaintiffs and the Class members incurred reasonable and necessary business expenses on Mac Tools' behalf. They were never reimbursed because they were misclassified as independent contractors under Mac Tools' standard Agreement.

51.    The California Labor Code, section 2802, and California's Wage Orders require that employers reimburse employees for business expenses reasonably incurred. Defendant failed to do so.

52.    Plaintiffs and the Class have been damaged by Mac Tools' failures in this respect in an amount to be proven at trial.

53.    Plaintiffs and the Class are entitled to recover their damages, penalties, interest, costs, and attorneys' fees based on Mac Tools' violations.

**SECOND CAUSE OF ACTION**
**Unlawful Deductions From Wages—Lab. Code, §§ 221-223 and Wage Orders**
**By Plaintiffs, Individually, On Behalf of Themselves and the Class**
**Against Mac Tools**

54.    Plaintiffs incorporate each and every allegation contained above.

55.    Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

56.    Under Labor Code, section 221, it is "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." This protection extends to deductions for mistakes in employees' work or other non-malicious conduct. The IWC Wage Orders further provide that the only circumstances under which an employer can make a deduction from an employee's wage are due to cash shortage, breakage, or loss of equipment if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

57.     Despite this, Mac Tools made and continues to make numerous deductions from the wages of their misclassified Distributors. Defendant, for example, unlawfully deducts money for franchise fees, software licensing fees, and other expenses.

58.     Plaintiffs and the Class are entitled to recover their damages, penalties, interest, costs, and attorneys' fees based on Mac Tools' violations.

**THIRD CAUSE OF ACTION**
**Failure to Provide Overtime—Lab. Code, § 510 and Wage Orders**
**By Plaintiffs, Individually, On Behalf of Themselves and the Class**
**Against Mac Tools**

59.     Plaintiffs incorporate by reference every allegation contained above.

60.     Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

61.     Labor Code, section 510, and Wage Orders require overtime pay of at least 1.5 times an employee's regular rate of pay for all hours worked over 8 in a day or 40 in a week.

62.     Consistent with Mac Tools' expectations and requirements, Distributors work well over 8 hours, five days per week, and well over 40 hours per week to complete the work assigned to them by Mac Tools. Despite this, they receive no overtime pay in violation of California law.

63.     Mac Tools is liable to Plaintiffs and the Class for unpaid overtime, interest, reasonable attorney's fees and costs, and any related statutory penalties.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal Periods—Lab. Code § 226.7 and Wage Orders**
**By Plaintiffs, Individually, On Behalf of Themselves and the Class**
**Against Mac Tools**

64.     Plaintiffs incorporate by reference every allegation contained above.

65.     Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

66.     Under Labor Code, sections 226.7 and 512, as well as applicable IWC Wage Orders, employers must provide a 30-minute uninterrupted, off-duty meal period for each work shift of more than five hours.  Where an adequate meal period is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

67.     Mac Tools does not provide meal breaks for its Distributors and provides no such compensation in lieu of these breaks as required by law. And Distributors have not otherwise waived their entitlement to meal breaks. Mac Tools does not document or record hours worked by Distributors, including when they take breaks. This triggers a rebuttable presumption no break as made available to Distributors.

68.     As a proximate result of Defendant's unlawful conduct, Plaintiffs and the Class sustained damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable penalties, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Rest Breaks—Lab. Code, § 226.7 and Wage Orders**
**By Plaintiffs, Individually, On Behalf of Themselves and the Class**
**Against Mac Tools**

69.     Plaintiffs incorporate by reference every allegation contained above.

70.     Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

71.     Pursuant to Labor Code, section 226.7 and 226.2, as well as applicable IWC Wage Orders, employers must provide a 10-minute uninterrupted, off-duty rest break for each work shift of 3.5 hours or more.  This rest break must be separately compensated at the workers' regular rate of pay. During these periods, an employer must relieve the employee of all duties and relinquish all control over how an employee spends his/her time. Where a rest break is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

72.    Mac Tools failed to provide for rest breaks or pay Distributors for rest breaks if taken. Mac Tools also failed to pay compensation in lieu of these paid breaks.

73.    As a proximate result of Defendant's unlawful conduct, Plaintiffs and the Class sustained damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable penalties, attorneys' fees, and costs.

**SIXTH CAUSE OF ACTION**
**Failure to Pay Wages When Due—Lab. Code, §§201-203**
**By Plaintiffs, Individually, On Behalf of Themselves and the Class**
**Against Mac Tools**

74.    Plaintiffs incorporate by reference every allegation contained above.

75.    Plaintiffs bring this cause of action as a Class action on behalf of themselves  and all members of the Class who are no longer working for Mac Tools.

76.    Mac Tools failed to pay all wages due, including the above-mentioned missing overtime wages, missing wages that were improperly deducted, that went unreimbursed, that were not paid-for breaks or meal periods, upon separation of employment as required by Labor Code sections 201 through 203. As such Plaintiffs and other former Distributors in the Class are owed penalties amount to up to 30 days wages.

77.    Mac Tools' actions in this respect were willful within the meaning of Labor Code, section 203, entitling Plaintiffs and the Class Members to recover waiting time penalties. Mac Tools failed to pay the above wages pursuant to its standard policies and procedures not to provide employment protections to Distributors. Mac Tools knows or should know Distributors are misclassified as independent contractors. Mac Tools and its parent company are represented by sophisticated counsel with a deep understanding of California law who surely understand Mac Tools cannot meet its burden to prove Distributors are independent contractors. Mac Tools has been sued for misclassification in the past as well, further highlighting their knowledge or this issue and intent to disregard the law.

FIRST AMENDED CLASS ACTION COMPLAINT

78.    Plaintiffs and the Class Members are entitled to recover waiting time penalties and unpaid wages, as well as, interest, applicable penalties, attorneys' fees, and costs.

### SEVENTH CAUSE OF ACTION
**Unfair Business Practices—Bus. & Prof. Code, §§ 17200 *et seq.***
**By Plaintiffs, Individually, On Behalf of Themselves and the Class**
**Against Mac Tools**

79.    Plaintiffs incorporate by reference every allegation contained above.

80.    Mac Tools knowingly and willfully engaged in the unlawful practices described above, which include but are not limited to:

    a.    Intentionally misclassifying its employee Distributors as "independent contractors;"

    b.    Imposing unreimbursed business expenses on and illegally deducting wages from misclassified employees in violation of Labor Code, sections 221 and 2802;

    c.    Failing to pay overtime to Franchisee employees;

    d.    Failing to provide adequate meal and rest breaks to Distributors;

    e.    Failing to pay Distributors all wages due upon termination; and

81.    Mac Tools intended to, and did, profit from these illegal acts.

82.    As a direct and proximate result of the above, Plaintiffs and the Class have lost money or property, thereby entitling these individuals to restitution.

83.    Pursuant to the Business and Professions Code, Plaintiffs and Class Members are entitled to restitution of money or property acquired by Defendant by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

84.    Pursuant to the Business and Professions Code, the Class and the public are also entitled to injunctive relief against Mac Tools' ongoing continuation of such unlawful business practices, including public injunctive relief.

85.    If Mac Tools is not enjoined from engaging in the unlawful business practices described above, Plaintiffs, Class members, and the public will be irreparably injured. The exact extent, nature, and amount of such injury is difficult to ascertain now.

86.    The Class, including Plaintiffs, have no plain, speedy, and adequate remedy at law.

87.    Mac Tools will continue to engage in the unlawful business practices described above in violation of the Business and Professions Code, in derogation of the rights of Plaintiffs, the Class, and of the public, if not enjoined by this Court.

88.    The success of Plaintiffs in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the public.

89.    Private enforcement of these rights is necessary as no public agency has pursued enforcement.  There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action. Plaintiffs are therefore entitled to an award of attorneys' fees and costs of suit under the "common fund," "substantial benefit," and other important doctrines.

**EIGHT CAUSE OF ACTION**
**Violation of PAGA; Enforcement of PAGA -- Labor Code §§ 2698 *et seq.***
**By Plaintiff Madriz, on behalf of himself, and as a Representative of All Similarly Aggrieved Current and Former Employees Against Mac Tools**

90.    Plaintiff incorporates by reference every allegation contained above.

91.    PAGA permits aggrieved employees, like Mr. Madriz, to recover civil penalties for violations of numerous California Labor Code sections. (*See* Cal. Lab. Code, § 2699.5.) Mr. Madriz is an aggrieved employee because he suffered the above-mentioned Labor Code violations.

FIRST AMENDED CLASS ACTION COMPLAINT

92.    Mac Tools' conduct, as alleged above, violates numerous sections of the California Labor Code, including, but not limited to, the following:

    a.   Labor Code Section 226.8 for the willful misclassification of its Distributors;

    b.   Labor Code Sections 201, 202, 203, 204, and 223 for failure to timely pay Plaintiff and other aggrieved employees all earned wages;

    c.   Labor Code Sections 223, 1194, 1197, and 1199 for failure to pay Plaintiff and other aggrieved employees all mandatory minimum wages;

    d.   Labor Code Sections 510 and 1198, for failure to compensate Plaintiff and other aggrieved employees with all required overtime pay;

    e.   Labor Code Sections 221, 223, and 224, for collecting or receiving from an employee any part of wages theretofore paid by said employer to said employee;

    f.   Labor Code Sections 226 and 226.3, for failure to provide accurate wage statements to Plaintiff and other aggrieved employees;

    g.   Labor Code Sections 226.2, 226.7, and 512, for failure to provide meal periods and rest periods to Plaintiffs and other aggrieved employees;

    h.   Labor Code Section 1174, for failure to maintain accurate employment records related to Plaintiff and other aggrieved employees' work;

    i.   Labor Code Sections 450 and 2802, for failure to reimburse employees for business expenses reasonably incurred; and

    j.   Labor Code Section 432.5 for obligating its Distributors sign an unlawful covenant to not compete.

93.    Mr. Madriz has complied with all administrative requirements and pre-conditions contained with California Labor Code, section 2699.3. Plaintiff notified the California Labor Workforce Development Agency ("LWDA") on April 22, 2022, and waited the prescribed period. Mr. Madriz has not received any response from the LWDA.

94.    Pursuant to PAGA and California Labor Code Sections 2699, 2699.3, and 2699.5, Mr. Madriz is entitled to and hereby seeks civil penalties against Mac Tools, in addition to reasonable attorney fees and costs, on behalf of himself and all others similarly-aggrieved current and former employees for violations of the Labor Code sections referred to in this Complaint.

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Defendant, as follows:

1.    For an order certifying the Class as described herein, appointing Plaintiffs as class representatives, and his counsel as class counsel;

2.    For compensatory damages according to proof;

3.    For enhanced damages, liquidated damages, civil penalties under PAGA, and penalties as permitted under prevailing law;

4.    For pre-judgment and post-judgment interest where allowable;

5.    For costs of suit;

6.    For injunctive relief, including public injunctive relief, as described herein;

7.    For restitution as described herein;

8.    For punitive damages, where appropriate;

9.    For reasonable attorneys' fees and costs; and

10.    For such other and further relief as this Court may deem just and proper.

/ / /

/ / /

/ / /

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs demand a trial by jury on all issues so triable.

3

Respectfully submitted:

4

Dated:  July 5, 2023                                **NICHOLAS & TOMASEVIC, LLP**

5

                                                By:    */s/ Shaun Markley*

6

                                                        Craig M. Nicholas (SBN 178444)
                                                        Shaun Markley (SBN 291785)

7

                                                        Jordan Belcastro (SBN 339570)
                                                        225 Broadway, 19th Floor

8

                                                        San Diego, California 92101
                                                        Tel: (619) 325-0492

9

                                                        Fax: (619) 325-0496
                                                        Email: cnicholas@nicholaslaw.org

10

                                                        Email: smarkley@nicholaslaw.org
                                                        Email: jbelcastro@nicholaslaw.org

11

                                                        Attorneys for Plaintiffs, VIJAYAN

12

                                                        STREEDHARAN and JESUS MADRIZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT