O, JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIJAYAN STREEDHARAN, an individual, on behalf of himself and all other similarly situated; and JESUS MADRIZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>STANLEY INDUSTRIAL & AUTOMOTIVE, LLC (doing business as "MAC TOOLS"), a Delaware corporation and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:22-cv-00322-MEMF-KS<br><br>**ORDER GRANTING JOINT MOTION FOR DISMISSAL [ECF NO. 59]** |

On October 11, 2024, the parties filed a Joint Motion for Dismissal. ECF No. 59. At the time of this filing, no class had been certified.

Under Federal Rule of Civil Procedure 41(a)(1)(A), parties may dismiss an action via stipulation, subject only to the limits of Rule 23(e) and other rules with no application here. *See* Fed. R. Civ. P. 41(a)(1)(A). This right to dismiss via stipulation is "absolute" and generally not subject to Court review. *See Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (holding that in a non-class action, Rule 41(a)(1) gives plaintiffs an "absolute right" to dismiss via stipulation without leave of

the court). Rule 23(e), in its current form, mandates that claims of a "certified class" or "a class proposed to be certified for purposes of settlement" may only be settled with the court's approval. *See* Fed. R. Civ. P. 23(e). But Rule 23(e) provides no limitations on settlements of non-certified classes. *See id.*; *see also* § 1797 Settlement, Voluntary Dismissal, or Compromise of Class Actions—Purpose and Scope of Rule 23(e), 7B Fed. Prac. & Proc. Civ. § 1797 (3d ed.) ("[T]he 2003 amendments [to Rule 23] make clear that Rule 23(e) only applies to the 'claims, issues, or defenses of a certified class.' Thus, settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e).") Absent any limitations in Rule 23(e), the parties' absolute right to dismiss pursuant to Rule 41(a)(1)(A) applies. *See* Fed. R. Civ. P. 41(a)(1)(A).

Having considered the parties' Joint Motion for Dismissal and for good cause appearing, it is ORDERED that:

1. The Joint Motion for Dismissal is Granted;
2. The individual claims of Plaintiffs Vijayan Sreedharan and Jesus Madriz, including Sreedharan's and Madriz's individual PAGA claims, are DISMISSED WITH PREJUDICE;
3. The class claims and non-individual PAGA claims are DISMISSED WITHOUT PREJUDICE; and
4. Per stipulation of the parties, each party shall bear and remain responsible for its own respective costs and fees expended in prosecuting or defending this action, including any attorney's fees.

Dated: October 16, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge